IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WINFRED M. JULY,                        :
                                        :
      Plaintiff,                        :
                                        :
vs.                                     : CIVIL ACTION NO. 18-00024-TM-B
                                        :
TERMINIX INTERNATIONAL COMPANY, :
LIMITED PARTNERSHIP,                    :
                                        :
      Defendant.                        :

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant's motion to dismiss
and memorandum in support.  (Docs. 8, 9).  The motion, which is
ripe for resolution, has been referred to the undersigned for a
report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and
S.D. Ala. CivLR 72(a)(2)(S).  Upon consideration of all matters
presented, the undersigned RECOMMENDS, for the reasons stated
herein, that Defendant's motion be **DENIED** without prejudice and
that Plaintiff be given the opportunity to amend his complaint.

### I.   BACKGROUND FACTS.

Plaintiff Winfred M. July ("Plaintiff") filed a *pro se*
complaint for defamation (libel) against the Defendant[1] on January
11, 2018.  (Doc. 1).  His factual allegations in their totality

---

[1] In the caption of the Complaint, Plaintiff names "SERVICEMASTER
/DBA TERMINIX" as the defendant.  In its Motion to Dismiss,
Defendant appears as "Terminix International Company, Limited
Partnership" and states that it was "incorrectly designated as
'Service Master d/b/a Terminix' by Plaintiff in the Complaint[.]"

are as follows:

> (State briefly your legal claim or your reason for filing suit.  Include the statue [sic] under which the suit is filed.)

> 4.    Defamation (Libel)
>        Alabama

> (Give a brief, concise statement of the specific facts involved in your case)

> 5.    File is attached (unemployment compensation)

> (State the relief you are requesting.)

> 6.    Full extent of the law, for Plaintiff believe [sic] the action cause [sic] him to lose credibility when he was seeking employment elsewhere.

(Doc. 1 at 2).  Although paragraph 5 of the complaint refers to an attached file, no exhibits were attached to Plaintiff's complaint.  However, a Notice of Determination from the State of Alabama, Department of Labor, Unemployment Compensation Division was attached to Plaintiff's motion to proceed without prepayment of fees.  (Doc. 2 at 5).  The document reflects that Plaintiff was disqualified or determined ineligible for benefits during the period beginning January 24, 2016, and ending March 19, 2016, for misconduct.  (Id.).  The body of the Notice of Determination states:

> You were discharged from your most recent bona fide work with THE TERMINIX INTERNATIONAL for being observed on camera urinating in a customers [sic] backyard.  This constitutes misconduct committed in connection with work. You are disqualified for the period indicated and the maximum amount of benefits to which

2

> you may become entitled after this period of
> disqualification is reduced by 8 times the
> weekly benefit amount established for your
> benefit year effective 01/24/16.

(Id.).

In support of its motion to dismiss, Defendant argues that "Plaintiff's Complaint is devoid of any factual allegations to which Defendant is able to properly respond," and that the Court should dismiss the complaint because it "fails to allege a single fact supporting a defamation claim." (Doc. 9 at 1). Defendant further contends that Plaintiff is bringing a defamation claim arising from "Terminix's communication with the Alabama Department of Industrial Relations made in connection with Plaintiff's request for unemployment benefits." (Id. at 3). Defendant argues that communications made to the Alabama Department of Industrial Relations in connection with the administration of unemployment benefits are absolutely privileged and cannot form the basis for a defamation action. (Id.). Accordingly, Defendant asks the Court to dismiss Plaintiff's complaint. (Id. at 4).[2]

---

[2] Additionally, in a footnote, Defendant argues that "this action should also be barred by the res judicata doctrine." (See Doc. 9 at 4). However, for purposes of pending Rule 12(b)(6) motions, the Court, with narrow exceptions that do not apply in the present case, must confine its review of facts to the four corners of the complaint. The Court is unable to determine whether this action is barred by res judicata based upon a review of Plaintiff's pleading. Accordingly, the Court cannot and will not resolve the question of res judicata in the context of Defendant's Rule 12(b)(6) motion. See Reinhardt v. Royal Caribbean Cruises Ltd., 2013 U.S. Dist. LEXIS 201442, at *3, 2013 WL 12212643, at *1 (S.D.

On June 6, 2018, Plaintiff filed a response opposing Defendant's motion to dismiss. (Doc. 16). Plaintiff's response is not the model of clarity and perhaps unearths more questions as to the nature of Plaintiff's allegations than it provides answers. In his response, Plaintiff avers that he "received (attached document) from a reliable source a copy of a written document of Defendant's reply to a State Official about the Plaintiff's alleged action, which by law, gives this complaint merits according to the Civil Law of Defamation of Character." (Id. at 2).[3] Plaintiff appears to quote a subsection of the "ALABAMA UNEMPLOYMENT AND WORKERS' COMPENSATION [sic] MANUAL – A GUIDE TO SIMPLIFYING ALABAMA'S EMPLOYMENT RELATED LAWS" entitled "PRACTICAL SUGGESTIONS FOR EMPLOYERS[.]" (Id. at 2-3). The subsection of that manual, as quoted by Plaintiff, states:

> "(1) The employer should not merely express his opinion or make a general statement that the employee was 'discharged' or 'quit voluntarily.' The employer should state the facts in support of his claim as to why the employee should be disqualified from receiving benefits. '(3) Information that is brought out

Fla. June 27, 2013) ("As to the res judicata argument, the Court agrees with Plaintiff that the Court cannot resolve the question of res judicata on a Rule 12(b)(6) motion as Defendant relies on a number of exhibits that are not central to Plaintiff's three claims for relief.").

[3] The only document attached to Plaintiff's response (Doc. 16) was an unexecuted draft subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action, directed to "STATE OF ALABAMA OF LABOR (Umemployment Compensatin) [sic][.]" (Doc. 16-1).

> in the Unemployment Compensation proceedings may be used in other proceedings or court cases, such as EEOC or wrongful discharge or tort claims. Records and transcripts of hearings may be subpoenaed for use in cases filed in federal court."

(<u>Id.</u> at 3). After quoting the manual, Plaintiff states:

> Even though a hearing never took place, a proceeding did take place; the Plaintiff filed for unemployment and the Defendant filed for disqualification. Plaintiff did not state that the statement the Defendant made to the Alabama Unemployment Agency was the basic [sic] for an action for defamation, but it is part of a pattern of the violation (stated above) committed by Defendant, and according to the Alabama Compensation Law any "*information may be subpoenaed in other proceedings or cases filed in federal court.*" Plaintiff would need to use the document for that purpose. The Plaintiff's case is not built on the above mention [sic] document but on another previous case vs. Defendant. The Alabama Unemployment agency contain [sic] important information and can be used (the Alabama Unemployment and Workers' Compensation Manual) for another case . . . .

(<u>Id.</u>) (emphasis in original). In addition to asking the Court to deny Defendant's motion to dismiss, Plaintiff appears to request permission from the Court to serve a subpoena on the Alabama Department of Labor (Unemployment Compensation Division) requesting "a copy of letter or document that defendant submitted to your office that caused the decision to deny Plaintiff unemployment compensation during the date of 01/24/2016." (<u>See</u> <u>id.</u> at 4; Doc. 16-1).

## II.  <u>STANDARD OF REVIEW.</u>

As a preliminary matter, the undersigned observes that when considering a *pro se* litigant's allegations, a court affords them a liberal construction, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by* Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Ashcroft v. Iqbal, 556 U.S. 662 (2009)). In addition, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss an action on the ground that the allegations in the complaint fail to state a claim upon which relief can be granted. On such a motion, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Little v. City of N. Miami, 805 F.2d 962, 965 (11th Cir. 1986) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). In considering a Rule 12(b)(6) motion to dismiss, the court accepts the non-moving

6

party's factual allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. Iqbal, 556 U.S. at 678 (noting that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

Rule 12(b)(6) is read in consideration of Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. To survive a motion to dismiss, a complaint must state on its face a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint's well-pled allegations must nudge the plaintiff's claims "across the line from conceivable to plausible[.]" Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

acted unlawfully." Iqbal, 556 U.S at 678 (quoting Twombly, 550 U.S at 556).

"In the Rule 12(b) motion-to-dismiss context, a judge generally may not consider materials outside of the four corners of a complaint without first converting the motion to dismiss into a motion for summary judgment." Pouyeh v. Bascom Palmer Eye Inst., 613 F. App'x 802, 808 (11th Cir. 2015). Only when "a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss" may a court consider documents "beyond the face of the complaint and the documents attached thereto when analyzing a motion to dismiss." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007).

### III. **ANALYSIS.**

Under Alabama state law, a cause of action for defamation consists of the following elements:

> 1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence on the part of the defendant; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement.

Dolgencorp, LLC v. Spence, 224 So. 3d 173, 186 (Ala. 2016) (quoting Wal-Mart Stores, Inc. v. Smitherman, 872 So. 2d 833, 840 (Ala.

2003)).

The Court must consider whether Plaintiff's allegations, liberally construed, are cognizable as a claim for defamation under Alabama law and are sufficient to provide fair notice of that claim.  See Torres v. Miami-Dade Cnty., Fla., 734 F. App'x 688, 692 (11th Cir. 2018). See also Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001) ("[A]t a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory.").

Even after giving Plaintiff's complaint the most liberal construction possible under the law, the undersigned concludes that Plaintiff has, at this stage, failed to meet his burden of stating a plausible claim for relief.  Plaintiff's pleading is devoid of factual allegations, either direct or inferential, addressing the elements necessary to state a claim for defamation. The complaint also fails to identify the alleged false and defamatory statement or statements at issue.  Indeed, the complaint does not allege the communication, much less an unprivileged communication, of such a statement to a third party.  The complaint also lacks factual allegations that could lead to an inference of fault amounting to at least negligence on the part of Defendant.

Although the complaint refers to an "attached" file that may or may not be the Notice of Determination that was attached to

Plaintiff's motion to proceed without prepayment of fees, there are no allegations in the complaint that help to explain how the Notice of Determination is relevant to Plaintiff's defamation claim against Defendant.  Plaintiff fails to allege even the barest facts that could lead to the inference that Defendant's actions, whatever they may be, amounted to actionable defamation.  As drafted, the complaint leaves the Court and Defendant guessing as to the substance of Plaintiff's allegations.[4]  Simply put, Plaintiff's sparse factual allegations are not sufficient to provide fair notice of Plaintiff's claims or "nudge[] [his] claims across the line from conceivable to plausible[.]"  See Twombly, 550 U.S. at 570.

Although Plaintiff's complaint is deficient as drafted, dismissal at this juncture is premature.  In this Circuit, "[w]here it appears that a more carefully drafted complaint might state a claim, a pro se plaintiff must be given at least one opportunity to amend the complaint before the court dismisses the action with prejudice."  De Souza v. JPMorgan Chase Home Lending Div., 608 F.

---

[4] Defendant appears to assume, not unreasonably, that Plaintiff's claim for defamation is based upon communications by Defendant to the Alabama Department of Industrial Relations in connection with Plaintiff's pursuit of unemployment benefits after Plaintiff's employment with Defendant was terminated.  However, because the allegations in Plaintiff's complaint are so cryptic, the Court is not in a position to speculate as to the substance of Plaintiff's claims.  Accordingly, any determination by the Court prior to Plaintiff amending his complaint as to whether any communications made by Defendant were privileged would be premature.

App'x 776, 781 (11th Cir. 2015) (citing Bank v. Pitt, 928 F.2d
1108, 1112 (11th Cir. 1991), *overruled in part by* Wagner v. Daewoo
Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (*en
banc*) (holding that this rule does not apply to plaintiffs who
have legal counsel)).  Therefore, while the complaint as drafted
fails to state a cognizable claim for defamation, the appropriate
course of action is to allow Plaintiff the opportunity to amend
the complaint to plead his claims against Defendant with sufficient
specificity to conform to Rule 8 and the applicable pleading
standards, as described above.

Plaintiff "is cautioned that this Court cannot help him, draft
his complaint for him, or overlook pleading defects in his filings
merely because he is not represented by counsel."  See Braxter v.
Ballard, 2014 U.S. Dist. LEXIS 47623, at *4, 2014 WL 1364508, at
*1 (S.D. Ala. Apr. 7, 2014).  Plaintiff is further cautioned that
the failure to plead an amended complaint that complies with Rule
8(a), that is, an amended complaint that provides fair notice to
the Court and Defendant, after being required to re-plead a
complaint, will result in the dismissal of this action.  See
Pelletier v. Zweifel, 921 F.2d 1465, 1522 (11th Cir. 1991), *cert.
denied*, 502 U.S. 855 (1991) (stating that when a complaint is not
a short and plain statement, a court is required to intervene at
the earliest opportunity and order the plaintiff to re-plead his
complaint by filing a complying amended complaint; otherwise, the

11

court and the defendant would have to decipher a plaintiff's pleadings "with the expenditure of much time and effort").

## IV.  <u>CONCLUSION.</u>

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Motion to Dismiss (Doc. 8) be **DENIED** without prejudice, and that Plaintiff be ordered to file and serve an amended complaint fully detailing Plaintiff's allegations and stating all of Plaintiff's claims with sufficient specificity.

### <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error

12

if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **6th** day of **November, 2018.**


                                        **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**