IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WINFRED M. JULY,                    *
                                    *
        Plaintiff,                  *
                                    *
vs.                                 *  CIVIL ACTION NO. 18-00024-TFM-B
                                    *
TERMINIX INTERNATIONAL              *
COMPANY, LIMITED PARTNERSHIP,       *
                                    *
        Defendant.                  *

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant's motion to dismiss amended complaint and memorandum in support. (Docs. 24, 25). The motion, which has been fully briefed, has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned RECOMMENDS, for the reasons stated herein, that Defendant's motion be GRANTED, and that Plaintiff's amended complaint be dismissed.

## I.   BACKGROUND FACTS

Plaintiff Winfred M. July ("Plaintiff") filed a *pro se* complaint for defamation (libel) on January 11, 2018. (Doc. 1). The factual allegations in his original complaint, in their entirety, were as follows:

> (State briefly your legal claim or your reason for filing suit. Include the statue [sic] under which the suit is filed.)

4.    Defamation (Libel)
              Alabama

        (Give a brief, concise statement of the specific facts
        involved in your case)

        5.    File is attached (unemployment compensation)

        (State the relief you are requesting.)

        6.    Full extent of the law, for Plaintiff believe [sic]
              the action cause [sic] him to lose credibility when
              he was seeking employment elsewhere.

(Doc. 1 at 2).  No exhibits were attached to Plaintiff's original

complaint.  However, a Notice of Determination from the State of

Alabama Department of Labor, Unemployment Compensation Division

was attached to Plaintiff's motion to proceed without prepayment

of fees.  (Doc. 2 at 5).  The body of the Notice of Determination

stated:

              You were discharged from your most recent bona
              fide work with THE TERMINIX INTERNATIONAL for
              being  observed  on  camera  urinating  in  a
              customers [sic] backyard.  This constitutes
              misconduct committed in connection with work.
              You are disqualified for the period indicated
              and the maximum amount of benefits to which
              you may become entitled after this period of
              disqualification is reduced by 8 times the
              weekly  benefit  amount  established  for  your
              benefit year effective 01/24/16.

(Id.).

        On May 15, 2018, Defendant Terminix International Company,

Limited  Partnership  ("Defendant")[1]  filed  a  motion  to  dismiss

_____

[1]      In  the  caption  of  his  original  complaint,  Plaintiff  named
"SERVICEMASTER /DBA TERMINIX" as the defendant.  (Doc. 1 at 1).

                              2

Plaintiff's complaint and supporting memorandum, wherein it asserted that Plaintiff had failed to plead the necessary factual allegations to state a defamation claim and that communications made in connection with Plaintiff's request for unemployment benefits were absolutely privileged and could not support Plaintiff's defamation claim. (Docs. 8, 9). On November 6, 2018, the undersigned entered a report and recommendation which recognized that Plaintiff's complaint was devoid of factual allegations stating the elements of a defamation claim and failed to provide notice as to the substance of Plaintiff's allegations. (Doc. 19 at 9-10). However, because the complaint did not make clear what Plaintiff was actually alleging, the undersigned found that it would be premature to rule on Defendant's absolute privilege argument. (Id. at 10). In view of Plaintiff's *pro se* status, the undersigned recommended that Plaintiff be given the opportunity to amend the complaint to plead his claims with sufficient specificity to conform to Rule 8 of the Federal Rules of Civil Procedure and the applicable pleading standards. (Id. at 10-12).

_____

In its motion to dismiss that complaint, Defendant appeared as "Terminix International Company, Limited Partnership" and stated that it was "incorrectly designated as 'Service Master d/b/a Terminix' by Plaintiff in the Complaint[.]" (Doc. 8 at 1). The caption of Plaintiff's amended complaint lists "Terminix International Company, Limited Partnership" as the Defendant, while the body of the amended complaint refers to "Defendant (Terminix International Company)[.]" (Doc. 20 at 1-2).

On November 20, 2018, before the district judge entered an order on Defendant's original motion to dismiss, Plaintiff filed a document entitled "Motion to Amendment [sic] Complaint[.]" (Doc. 20). The body of the document states as follows:

> Come now Plaintiff, Winfred M. July file this Amendment to a Previous Complaint order of the court dated November 06, 2018, (18-00024-TM-B) and state the following:
>
> 1. The Plaintiff, Winfred M. July is representing himself, Pro Se. Plaintiff now moves for motion to amend his complaint to include the necessary documents (see attachments).
>
> 2. Plaintiff noticed that his complaint lacked important evidence (documents) to give support to his complaint which was filed January 11, 2018 in The United States District Court For The Southern District of Alabama – Southern Division.
>
> 3. Plaintiff's reason for filing a complaint is Libel (Defamation of Character). Plaintiff feels Defendant (Terminix International Company) sent a false written document in its defense against the Plaintiff during a pre-Arbitration hearing. The document was submitted to Mr. Charles Paterson (who was the Arbitrator for the American Arbitration Association) for their evidence on October 26, 2017. The document title: U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION – Birmingham District Office. Plaintiff's evidence of the complaint was presented by the Defendant with the above document (EEOC).
>
> 4. The document is a duplicated copy that was sent to the Alabama Department of Labor | Unemployment Compensations by the Defendant.
>
> 5. Definition – "Libel is a method of defamation expressed by print, writing, pictures, signs, effigies, or any communication embodied in physical form that is injurious to a person's reputation, exposes a person to public hatred, contempt or ridicule, or injures a person in his/her business or profession." [citation footnote omitted]

6. Plaintiff presents an attached copy of the document for proof of this violation of Civil Law. Page 20 is the page where Plaintiff states that the Defendant statement of him urinating in a customer's backyard is false.

7. Discovery from one case may be used in another Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 75–76 (S.D.N.Y. 2010)(holding that "it is well established that the Federal Rules of Civil Procedure [] create no automatic prohibition against using discovery obtained in one litigation in another litigation")

Conclusion

Plaintiff states he did not urinate in a customer's backyard therefore, Defendant accusation is false. According to Federal Rules of Civil Procedure, Plaintiff has met the right for trial to prove his innocence and to prove Defendant's civil violation in the matter of Defamation of Character (Libel).

(Doc. 20 at 1-3).

Attached to Plaintiff's pleading are various Bates-stamped documents that, according to Defendant, it produced to Plaintiff during the course of a prior arbitration between the parties.[2]

---

[2] This lawsuit is not Plaintiff's first legal action against Defendant. After Defendant terminated Plaintiff's employment on December 7, 2015, Plaintiff filed a lawsuit against Defendant in this Court on March 23, 2016, alleging discrimination and harassment based on his race and disability. July v. Terminix Int'l Co., No. 16-cv-00121-CG-B (S.D. Ala. filed Mar. 23, 2016) ("July I"), ECF No. 1. Defendant moved to dismiss or, in the alternative, stay the case and compel arbitration. Id. at ECF No. 6. The Court granted Defendant's motion to stay the case and compel arbitration. Id. at ECF No. 15. On May 30, 2017, Plaintiff's demand for arbitration was submitted to the American Arbitration Association. Id. at ECF No. 29. According to Defendant, there was a discovery period during the arbitration. (Doc. 25 at 2). Plaintiff denies there was a discovery period during the arbitration because Defendant allegedly refused and was

(See id. at 5-31; Doc. 25 at 3-4). These include various documents produced to Defendant's counsel by the U.S. Equal Employment Opportunity Commission in response to a September 2017 Freedom of Information Act request (Doc. 20 at 6-28), an internal email relating to Plaintiff's termination (id. at 29-30), and a redacted termination notice (id. at 31), along with an email from Defendant's counsel to Plaintiff forwarding him the Bates-stamped documents (id. at 5).[3]

---

not compelled by the arbitrator to share important documents with him, and there "is no discovery period if a party does not comply with sharing discovery." (Doc. 27 at 2). Regardless, on December 15, 2017, the arbitrator granted summary judgment in favor of Defendant on all of Plaintiff's claims. July I at ECF No. 40. Upon receiving notice of the arbitrator's ruling, the Court closed the case. Id. at ECF No. 41. After the arbitrator granted Defendant's motion for summary judgment, but before the Court closed his prior case, Plaintiff filed the instant lawsuit on January 11, 2018. (Doc. 1).

[3]    The October 25, 2017 email forwarding the Bates-stamped documents to Plaintiff was carbon copied to cpaterson66@gmail.com, and stated in relevant part:

> Mr. July – Attached please find the below Bates-stamped documents Respondent is producing in this matter. These documents were not responsive to the discovery requests, but Respondent may use some or all during the course of this action.
>
> - Bates Nos. 15-37 – documents received in response to Freedom of Information Act Request.
> - Bates Nos. 38-39 – e-mail relevant to the termination.
> - Bates No. 40 – termination notice (redacted) for employee discharged for same reason.

(Doc. 20 at 5).

As indicated above, Plaintiff alleges that "Page 20 [of the attached documents] is the page where Plaintiff states that the Defendant statement of him urinating in a customer's backyard is false." (Id. at 2). The document that Plaintiff refers to as "Page 20" is a Corrective Action Form, signed by Plaintiff, his supervisor, and a witness on December 7, 2015. (See id. at 25). The form contains the Bates stamp "TERMINIX000034" and states the following: "On 11/17/15 management received an email from a customer stating associate was caught on camera urinating in the backyard of his property. Management received photographic evidence of the incident confirming the associate was Winfred July." (Id.). The form goes on to detail the action taken by Defendant: "Company code of conduct policy states that an associate is to act in an ethical manner at all times and treat customers and their property with respect. The associate's actions violate this policy and as a result the associates [sic] employment is terminated 12/7/15." (Id.).

On December 28, 2018, the district judge entered an order that adopted the undersigned's report and recommendation as to Defendant's original motion to dismiss and denied the motion as moot without prejudice as to any arguments asserted. (Doc. 23 at 1). The Court also found that Plaintiff's pleading entitled "Motion to Amendedment Complaint" complied with the requirement from the report and recommendation that Plaintiff file an amended

complaint and, therefore, the Court construed the pleading as an amended complaint. (Id.).

On January 10, 2019, Defendant filed the instant motion to dismiss Plaintiff's amended complaint and a supporting memorandum. (Docs. 24, 25). Defendant contends that Plaintiff's amended complaint does not cure the pleading deficiencies outlined in the report and recommendation adopted by the Court. (Doc. 25 at 4). Defendant asserts that, to the extent Plaintiff alleges it committed libel when it produced a document containing an allegedly defamatory statement to the arbitrator, the claim is barred by the absolute litigation privilege. (Id. at 6-7). Defendant further argues that if the Court finds that Plaintiff is alleging he was defamed when Defendant submitted documentation to the Alabama Department of Labor, communications made in connection with the administration of unemployment benefits are absolutely privileged and cannot support a defamation claim. (Id. at 7-8). Defendant also argues that, to the extent Plaintiff alleges it defamed him by creating and internally distributing the Corrective Action Form within the company, Plaintiff's claim fails because it is untimely and because he cannot establish that there was publication to a third party. (Id. at 8-9). Finally, Defendant asserts that this action is barred by the res judicata doctrine. (Id. at 8).

In his response to Defendant's motion, Plaintiff contends that "[t]he rule does not state the claimant has to be specific

about his claim or relief."[4]  (Id. at 2).  Notably, Plaintiff also states the following:

> Plaintiff stated in his previous claim that he would like to use the document that was sent to the Alabama Unemployment agency for evidence to show how the Defendant had continued to violate his character by using false statements against him.  The Plaintiff believe this statement not only prevented him from receiving unemployment (to provide for his family) but also prevented him from opportunities with other employers (also to provide for his family).  Plaintiff has never committed any crime, never failed a drug test, never being in trouble with Defendant, and was unable to get employment with Defendant's competitions.  Plaintiff lost insurance when he lost employment with Defendant. Plaintiff did not receive employment until March 2016. Plaintiff did not receive health insurance until January 2017.  ***What was sent to the arbitrator is the case of the claim of Libel.  The document that was sent to the Alabama Unemployment Agency just happens to be some of the same words in the document (attachment #2).*** Plaintiff never saw a photograph of the actual allegation.  As we know the "*ing*" at the end of a word means in the process of.

(Doc. 27 at 3) (emphasis added).  Defendant filed a reply to Plaintiff's response.  (Doc. 28).  Thus, Defendant's motion to dismiss Plaintiff's amended complaint is now ripe for resolution.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure

---

[4]    Plaintiff also argues that Defendant's motion to dismiss his amended complaint was untimely filed.  This argument is baseless, as Defendant's motion was filed on January 10, 2019, one day prior to the date it was due to be filed.  (See Doc. 23 at 1 n.1) ("[T]he Defendant is directed to file a response in compliance with the provisions of F.R.Civ.P. 15(a)(3) as opposed to an opposition to a motion.  The timeline for Defendant's responsive pleading is triggered by the filing of this order.").

authorizes a motion to dismiss an action on the ground that the allegations in the complaint fail to state a claim upon which relief can be granted.[5] On such a motion, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Little v. City of N. Miami, 805 F.2d 962, 965 (11th Cir. 1986) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). In considering a Rule 12(b)(6) motion to dismiss, the court accepts the non-moving party's factual allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint

---

[5] The Court takes judicial notice of court documents from July I, No. 16-cv-00121-CG-B (S.D. Ala. filed Mar. 23, 2016), because they are public records that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See Morton v. Bank of America Corp., 2012 U.S. Dist. LEXIS 127389, at *4 n.4, 2012 WL 3901749, at *2 n.4 (noting that "[p]ursuant to Rule 201(b) of the Federal Rules of Evidence, a court has the discretion to sua sponte take judicial notice of certain facts, including court documents from a prior proceeding" and sua sponte taking judicial notice of plaintiff's prior bankruptcy proceeding in deciding defendant's motion to dismiss); Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)). In doing so, the Court need not convert Defendant's Rule 12(b)(6) motion into a motion for summary judgment. See Horne, 392 F. App'x at 802 ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment.").

is inapplicable to legal conclusions").

Rule 12(b)(6) is read in consideration of Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In Iqbal, the Supreme Court reiterated that although Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  To survive a motion to dismiss, a complaint must state on its face a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The well-pled allegations must nudge the claim "across the line from conceivable to plausible . . . ."  Twombly, 550 U.S. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S at 678 (quoting Twombly, 550 U.S at 556).

In reviewing Plaintiff's amended complaint, the undersigned is mindful that courts afford a liberal construction to the allegations of *pro se* litigants, holding them to more lenient

standards than formal pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). In addition, a *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), cert. denied, 493 U.S. 863 (1989).

### III. **ANALYSIS**

In view of Plaintiff's disjointed and inartful pleadings, the Court must first determine whether his allegations, liberally construed, are cognizable as a claim for libel under Alabama law and are sufficient to provide fair notice of that claim. See Torres v. Miami-Dade Cnty., Fla., 734 F. App'x 688, 692 (11th Cir. 2018). See also Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001) ("[A]t a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory."). Indeed, Defendant's motion advances no less than four arguments for dismissal that may or may not apply depending on how Plaintiff's

allegations are construed.

Under Alabama state law, a cause of action for defamation consists of the following elements:

> 1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence on the part of the defendant; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement.

Dolgencorp, LLC v. Spence, 224 So. 3d 173, 186 (Ala. 2016) (quoting Wal-Mart Stores, Inc. v. Smitherman, 872 So. 2d 833, 840 (Ala. 2003)). The distinction between actions of libel predicated on written or printed aspersions of character and actions of slander based on oral defamation "is merely in respect to the question as to whether the imputed language or words are actionable per se." Butler v. Town of Argo, 871 So. 2d 1, 16 (Ala. 2003) (citations and internal quotation marks omitted).

After reviewing Plaintiff's amended complaint in its entirety and affording it the liberal construction it is due, the undersigned is satisfied that Plaintiff's amended complaint provides fair notice of his libel claim. It is apparent to the Court that Plaintiff's claim is founded upon his assertion that Defendant submitted documentation in its defense to the arbitrator during the 2017 arbitration between the parties wherein it was falsely stated that Plaintiff was caught on camera urinating in a customer's backyard. Plaintiff's amended complaint alleges that

13

Defendant "sent a false written document in its defense against the Plaintiff during a pre-Arbitration hearing" to the arbitrator "for their evidence on October 26, 2017." (Doc. 20 at 2). Further, the documents attached to Plaintiff's amended complaint are all documents that were emailed by Defendant's counsel to Plaintiff and the arbitrator during the arbitration, which Defendant's counsel noted might be used "during the course of this action." (See id. at 5-31). These documents include the Corrective Action Form that contains "the Defendant [sic] statement of [Plaintiff] urinating in a customer's backyard . . . ." (See id. at 2, 25). Plaintiff alleges "he did not urinate in a customer's backyard; therefore, Defendant [sic] accusation is false." (Id. at 3).

Although Plaintiff asserts that "[t]he document is a duplicated copy that was sent to the Alabama Department of Labor | Unemployment Compensations [sic] by the Defendant[,]" (see id. at 2), his amended complaint cannot reasonably be read to state a libel claim against Defendant based on communications to the Unemployment Compensation Division. This is clear based on Plaintiff's response to Defendant's motion, wherein Plaintiff asserts: "What was sent to the arbitrator is the case of the claim of Libel. The document that was sent to the Alabama Unemployment Agency just happens to be some of the same words in the document

. . . ."[6]  (Doc. 27 at 3).  In sum, the factual allegations in Plaintiff's amended complaint and the documents attached thereto amply demonstrate that Plaintiff's claim against Defendant is based on documents Defendant submitted to the arbitrator.

Defendant agrees that "[i]t appears Plaintiff is alleging documents sent to the Arbitrator defamed him."  (Doc. 25 at 6).  However, Defendant argues that Plaintiff has failed to state a claim for defamation because its communications to the arbitrator during the course of arbitration were pertinent statements made in a judicial proceeding, which are absolutely privileged and cannot give rise to civil liability under Alabama law.[7]  (Id.).

Under Alabama law, "[p]ertinent statements made in the course

---

[6]    The Court also notes the following language from Plaintiff's response to Defendant's earlier motion to dismiss:

> Plaintiff did not state that the statement the Defendant made to the Alabama Unemployment Agency was the basic [sic] for an action for defamation, but it is part of a pattern of the violation (stated above) committed by Defendant *. . . . **The Plaintiff's case is not built on the above mention [sic] document but on another previous case vs. Defendant.***

(Doc. 16 at 3) (emphasis added).

[7]    The Court will apply Alabama law because, under the Erie doctrine, federal courts sitting in diversity must apply the substantive law of the forum state.  See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996) (citing Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).

of judicial proceedings are absolutely privileged." Drees v. Turner, 45 So. 3d 350, 358 (Ala. Civ. App. 2010) (citing O'Barr v. Feist, 296 So. 2d 152, 156–57 (Ala. 1974)). "Absolutely privileged statements, no matter how false or malicious, cannot be made the basis of civil liability." Drees, 45 So. 3d at 358 (citing O'Barr, 296 So. 2d at 156; Walker v. Majors, 496 So. 2d 726 (Ala. 1986)). The absolute litigation privilege applies to all statements made in the course of judicial proceedings, excepting only "slanderous imputations plainly irrelevant and impertinent, voluntarily made, and which the party making them could not have reasonably have supposed to be relevant." Barnett v. Mobile Cnty. Pers. Bd., 536 So. 2d 46, 51 (Ala. 1988) (quoting O'Barr, 296 So. 2d at 157). Moreover, "Alabama law extends the absolute privilege to 'libelous charges in pleadings, affidavits, or other papers used in the course of the prosecution or defense of an action.'" McReynolds v. Cotton States, 2006 U.S. Dist. LEXIS 36758, at *8, 2006 WL 1527195, at *2 (M.D. Ala. June 2, 2006) (quoting Walker, 496 So. 2d at 729); see also Hollander v. Nichols, 19 So. 3d 184, 195 (Ala. 2009) ("This Court has recognized that a party that has published allegedly defamatory matter in the course of a judicial proceeding may claim, as a defense to a defamation action based on that publication, the absolute privilege described in the Restatement (Second) of Torts § 587 (1977).").

In Alabama, an absolute privilege also "attaches to

communications made in the course of quasi-judicial proceedings."

Webster v. Byrd, 494 So. 2d 31, 34 (Ala. 1986). In Webster, the

Alabama Supreme Court stated:

> [w]here an administrative proceeding is conducted with the same safeguards as those provided in judicial proceedings, e.g., notice and opportunity to be present, information as to charges made and opportunity to controvert such charges, the right to examine and cross-examine witnesses, the right to submit evidence on one's behalf, the right to be heard in person, and the presence of an objective decision-maker, that proceeding is quasi-judicial in nature and statements made in the course of the proceeding should be absolutely privileged.

Id. (internal citation omitted).

"[W]hether the communication was privileged or not by reason

of its character, or the occasion on which it was made, is a

question of law to be decided by the court." Walker, 496 So. 2d

at 730. Alabama courts treat the litigation privilege as an

affirmative defense. See, e.g., Webster, 494 So. 2d at 32.

Nevertheless, a court may dismiss a complaint for failure to state

a claim based on an affirmative defense when the allegations of

the complaint, on their face, show that the defense bars recovery.

Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008). "Thus, a

court may dismiss claims based on the litigation privilege where

the allegations in the complaint establish that the defendant's

conduct occurred under circumstances that amounted to a privileged

setting." Tolar v. Cummings, 2014 WL 3974671, at *16 (N.D. Ala.

Aug. 11, 2014); see also Drees, 45 So. 3d at 360; Cotton States,

2006 U.S. Dist. LEXIS 36758, at *5-11, 2006 WL 1527195, at *2-4.

The Court has found no decision directly addressing Alabama's absolute privilege in the context of private contractual arbitration proceedings.[8] Most jurisdictions that have addressed the issue have concluded that private arbitration proceedings are judicial or quasi-judicial proceedings, such that absolute immunity applies to them.[9] See Webster, 494 So. 2d at 34 ("The

---

[8] However, the Alabama Supreme Court "has held that tenure hearings are quasi-judicial in nature." Webster, 494 So. 2d at 34. The Alabama absolute privilege defense also applies to allegedly defamatory communications made during labor grievance proceedings under collective bargaining contracts. See id. (citing Surrency v. Harbison, 489 So. 2d 1097 (Ala. 1986)).

[9] See Martinez v. Hellmich Law Grp., P.C., 681 F. App'x 323, 327 (5th Cir. 2017) (stating that "[q]uasi-judical proceedings include private arbitration" and finding that the evidence demonstrated "that the allegedly tortious statements at issue in this case were made in relation to a proposed arbitration and are therefore absolutely privileged under Texas law"); Rasidescu v. Midland Credit Mgmt., Inc., 496 F. Supp. 2d 1155, 1159-61 (S.D. Cal. 2007) (reviewing the absolute privilege for statements made in litigation under California and Wisconsin law and recognizing that both states' litigation privileges extend to private contractual arbitration proceedings); W. Mass. Blasting Corp. v. Metro. Prop. & Cas. Ins. Co., 783 A.2d 398, 403 (R.I. 2001) (stating that "the definition of a 'judicial proceeding' should be construed broadly to include quasi-judicial proceedings such as arbitrations" and, thus, statements in arbitration proceedings are privileged); Yeung v. Maric, 232 P.3d 1281, 1286 (Ariz. Ct. App. 2010) (finding that "public policy supports extending the absolute privilege to participants in private, contractual arbitration proceedings"); Katz v. Odin, Feldman & Pittleman, P.C., 332 F. Supp. 2d 909, 921 (E.D. Va. 2004) ("It is also clear that the absolute privilege applies not only to oral statements addressed to a quasi-judicial body, such as the arbitration panel, but also more broadly to other relevant written and oral communications made in the course of the proceedings."); Sturdivant v. Seaboard Serv. Sys., Ltd., 459 A.2d 1058, 1059-60 (D.C. 1983) ("[W]e join

18

with what we find to be the more reasoned view that an absolute privilege is applicable because it enables participants to state and support their positions without instilling a fear of retaliation, *i.e.,* an action for damages. For similar reasons, the protection of an absolute privilege has been extended to statements made pursuant to an arbitration proceeding, provided the publication is made to persons with a legitimate job-related interest in receiving it.") (internal citations omitted); <u>Bushell v. Caterpillar, Inc.</u>, 683 N.E.2d 1286, 1289 (Ill. App. 3d 1997) ("Under Illinois law, absolute immunity applied to the arbitration proceeding in this case."); <u>RCO Legal, P.S., Inc. v. Johnson</u>, 820 S.E.2d 491, 499 (Ga. Ct. App. 2018) ("We find that RCO's allegations in its summary judgment motion were absolutely privileged and could not form the basis of a defamation claim. Here, RCO filed this pleading in an ongoing arbitration before the American Arbitration Association, following Johnson's claim for money damages from RCO. For purposes of the arbitration, the parties were deposed, conducted discovery, and submitted various exhibits to the arbitrator for his consideration, and the arbitrator was tasked with ruling on whether RCO was entitled to terminate Johnson with cause."); <u>Cross v. Safeway, Inc.</u>, 2004 U.S. Dist. LEXIS 18227, at *9, 2004 WL 1969407, at *4 (D. Or. Sept. 2, 2004) ("An arbitration proceeding is a quasi-judicial proceeding for purposes of establishing an absolute privilege to a claim of defamation."), <u>report and recommendation adopted</u>, 2004 WL 2203257 (D. Or. Sept. 24, 2004); <u>Ehrman v. Adam</u>, 2009 Minn. App. Unpub. LEXIS 979, at *8-9, 2009 WL 2746749, at *3 (Minn. Ct. App. Sept. 1, 2009) ("Comment a to the Restatement (Second) of Torts § 586 (1977) describes the absolute privilege for judicial-proceeding communications as encompassing communications 'in conferences and other communications preliminary to the proceeding,' not just communications 'in the institution of the proceedings or in the conduct of litigation before a judicial tribunal.' Comment d to section 586 also states that 'judicial proceedings' may include an 'arbitration proceeding.'"); <u>Kidwell v. Gen. Motors Corp.</u>, 975 So. 2d 503, 505 (Fla. 2d DCA 2007) ("An arbitration hearing, although informal, is a judicial or quasi-judicial proceeding. Absolute immunity is afforded to any act occurring during the course of a judicial or quasi-judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior, so long as the act has some relation to the proceeding.") (internal citations omitted); <u>Bad Ass Coffee Co. of Haw. v. Naughty Donkey Enters., LLC</u>, 64 So. 3d 659, 663 (Ala. Civ. App. 2010) (applying Utah law and stating that "it is clear that the plain meaning of the word 'arbitrate' involves a *quasi-judicial* proceeding"); <u>Wells v. S. Airways, Inc.</u>, 616 F.2d 107, 110 (5th Cir. 1980)

majority view, and the view we now adopt, is that an absolute
privilege attaches to communications made in the course of quasi-
judicial proceedings.") (citations omitted).

Applying Alabama law to the allegations in Plaintiff's
amended complaint, the undersigned concludes that Alabama's
absolute litigation privilege extends to allegedly defamatory
matter submitted by Defendant to the arbitrator in its own defense
during the course of arbitration between the parties.  As noted
*supra*, Plaintiff alleges that his "reason for filing a complaint"
is that Defendant sent a false written document to the arbitrator
in its defense during a pre-arbitration hearing, which stated that
Plaintiff was caught on camera urinating in a customer's backyard.
(See Doc. 20 at 2-3, 25).  This communication was made in the
course of a quasi-judicial, if not judicial, arbitration
proceeding and was directly relevant to that proceeding.
Accordingly, it was protected by the absolute litigation
privilege, and as a result, Plaintiff has failed to state a claim
for libel.[10]

―――――――――――――

("Arbitration is a quasi-judicial function . . . .").

[10]   As stated previously, Defendant makes a number of other
arguments for dismissal.  Defendant argues that if Plaintiff is
asserting a claim based on documents produced during unemployment
compensation proceedings, communications made in connection with
such proceedings are absolutely privileged.  (Doc. 25 at 7-8).
Defendant further argues that, to the extent Plaintiff alleges
libel based on Defendant's creation and internal distribution of
the Corrective Action Form, the claim is barred by the statute of

**IV. CONCLUSION**

Based on the foregoing, the undersigned RECOMMENDS that Defendant's motion to dismiss amended complaint (Doc. 24) be **GRANTED**.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper

---

limitations and fails to establish publication to a third party. (Id. at 8-9). Finally, Defendant asserts that this action should be barred by the doctrine of res judicata. (Id. at 8 n.1). In light of the Court's finding that Plaintiff's amended complaint for libel is due to be dismissed based on the Alabama absolute litigation privilege, the Court has not addressed these additional arguments.

objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **30th** day of **April, 2019.**


_____/s/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**